■ In the Matter of E&J HOLDING CORP. et al., Respondents, v ANTHONY NOTO et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellants dated September 4, 1985, which approved the construction of a resource recovery facility necessitating the condemnation of certain real property belonging to the petitioners, the appeal (by permission) is from an order of the Supreme Court, Suffolk County (Geiler, J.), entered May 19, 1986, which denied the appellants' motion to dismiss the proceeding.

Justice Bracken has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the order is reversed, on the law, without costs or disbursements, and the proceeding is dismissed.

The exclusive relief available to the petitioners in seeking to challenge the appellants' findings and determination is an original proceeding in the Appellate Division pursuant to the EDPL *(see,* EDPL 207 [B]; 208). The petitioners claim that the appellants' determination and findings violate Laws of 1985 (ch 478, § 3, as amended) by interfering with a scrap-dealer enterprise. Such a claim falls within EDPL 207 (C) (2); thus, the instant proceeding should have not been brought pursuant to CPLR article 78, but, rather, as an original proceeding pursuant to the EDPL in the Appellate Division *(see,* EDPL 207 [B]; 208; *City of Buffalo Urban Renewal Agency v Moreton,* 100 AD2d 20, 21-22).

Moreover, we do not interpret Laws of 1985 (ch 478, § 3, as amended), as prohibiting the condemnation of property used for scrap recycling, or limiting by implication the town's right to condemn such property by means of the statutory eminent domain procedure. Thus, even if we were to consider this proceeding as if it had been properly commenced, and on its merits, the proceeding would have to be dismissed. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.